**Exhibit "A"**

(Page 1 of 12)
FILED: QUEENS COUNTY CLERK 06/01/2021 12:02 PM
NYSCEF DOC. NO. 1

Case 1:21-cv-05731-FB-TAM   Document 1-2   Filed 10/14/21   Page 2 of 13 PageID #: 8

INDEX NO. 712422/2021
RECEIVED NYSCEF: 06/01/2021

LEGAL
JUN 10 2021

SUPREME COURT QUEENS COUNTY STATE OF NEW YORK COUNTY OF QUEENS

-------------------------------------------------------------------X

ABIGAIL CRUZ

        Plaintiff(s),

-against-

TJX COMPANIES and TJ MAXX

        Defendant(s).

-------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates Queens County as the place of trial.

The basis of venue is: location of the accident

Plaintiff resides at:
2651 93rd Street
East Elmhurst, NY 11369

County of Queens

**To the above-named Defendant(s):**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: NEW YORK, NY
   June 1, 2021

Yours, etc.

Bart Andrew Pittari, Esq.
**GREENSTEIN & MILBAUER, LLP**
*Attorneys for Plaintiff(s)*
**ABIGAIL CRUZ**
1825 Park Avenue
9th Floor
New York, NY 10035
(212) 685-8500
Our File #: 18939

TO:   TJX COMPANIES
      6101 Junction Blvd.
      Queens NY 11374

      TJ MAXX
      770 Cochituate Road
      Framingham, MA 01701

      TJ MAXX
      6101 Junction Blvd.
      Queens NY 11374

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
ABIGAIL CRUZ,

                      Plaintiff(s),

-against-

TJX COMPANIES and TJ MAXX

                      Defendant(s).
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

    Plaintiff, **ABIGAIL CRUZ** by her attorneys, **GREENSTEIN & MILBAUER, LLP**, as and for a cause of action alleges, upon information and belief, as follows:

    1. At the time of the commencement of this action Plaintiff **ABIGAIL CRUZ** was a resident of the County of Queens, City and State of New York.

    2. The cause of action herein alleged arose in the State of New York, County of Queens.

    3. That this action falls within one or more of the exemptions set forth in CPLR §1602, §1602(1), §1602(2), §1602(3), §1602(4), §1603(5), §1603(6), §1603(7), §1603(8), §1603(9), §1603(10), §1603(11) and §1602(12) of the State of New York.

    4. On December 21, 2020 and at all times herein mentioned, Defendant TJX COMPANIES was and still is a domestic corporation duly authorized and existing under and by virtues of the laws of the State of New York.

    5. On December 21, 2020 and at all times herein mentioned, Defendant TJX COMPANIES was a foreign corporation duly authorized to do business within the State of New York.

    6. On December 21, 2020 and at all times herein mentioned, Defendant TJX COMPANIES was a business entity doing business within the State of New York.

    7. On December 21, 2020 and at all times herein mentioned, Defendant TJX COMPANIES was a partnership transacting business within the State of New York.

FILED: QUEENS COUNTY CLERK 06/01/2021 12:02 PM
NYSCEF DOC. NO. 1
Case 1:21-cv-05731-FB-TAM   Document 1-2   Filed 10/14/21   Page 5 of 13 PageID #: 11
INDEX NO. 712422/2021
RECEIVED NYSCEF: 06/01/2021

8. On December 21, 2020 and at all times herein mentioned, Defendant TJ MAXX was and still is a domestic corporation duly authorized and existing under and by virtues of the laws of the State of New York.

5. On December 21, 2020 and at all times herein mentioned, Defendant TJ MAXX was a foreign corporation duly authorized to do business within the State of New York.

6. On December 21, 2020 and at all times herein mentioned, Defendant TJ MAXX was a business entity doing business within the State of New York.

7. On December 21, 2020 and at all times herein mentioned, Defendant TJ MAXX was a partnership transacting business within the State of New York.

8. On December 21, 2020 and at all times herein mentioned, Defendant TJX COMPANIES owned the premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

9. On December 21, 2020 and at all times herein mentioned, Defendant TJX COMPANIES operated the premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

10. On December 21, 2020 and at all times herein mentioned, Defendant TJX COMPANIES managed the aforesaid premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

11. On December 21, 2020 and at all times herein mentioned, Defendant TJX COMPANIES controlled the aforesaid premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

12. On December 21, 2020 and at all times herein mentioned, Defendant TJX COMPANIES maintained the aforesaid premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

13. On December 21, 2020 and at all times herein mentioned, Defendant TJX COMPANIES leased the aforesaid premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

FILED: QUEENS COUNTY CLERK 06/01/2021 12:02 PM
NYSCEF DOC. NO. 1
Case 1:21-cv-05731-FB-TAM Document 1-2 Filed 10/14/21 Page 6 of 13 PageID #: 12
INDEX NO. 712422/2021
RECEIVED NYSCEF: 06/01/2021

14. On December 21, 2020 and at all times herein mentioned, Defendant TJX COMPANIES occupied the aforesaid premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

15. On December 21, 2020 and at all times herein mentioned, Defendant TJX COMPANIES was responsible for the maintenance and repairs at the premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

16. On December 21, 2020 and at all times herein mentioned, Defendant TJ MAXX owned the premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

17. On December 21, 2020 and at all times herein mentioned, Defendant TJ MAXX operated the premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

18. On December 21, 2020 and at all times herein mentioned, Defendant TJ MAXX managed the aforesaid premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

19. On December 21, 2020 and at all times herein mentioned, Defendant TJ MAXX controlled the aforesaid premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

20. On December 21, 2020 and at all times herein mentioned, Defendant TJ MAXX maintained the aforesaid premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

21. On December 21, 2020 and at all times herein mentioned, Defendant TJ MAXX leased the aforesaid premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

22. On December 21, 2020 and at all times herein mentioned, Defendant TJ MAXX occupied the aforesaid premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

3

23. On December 21, 2020 and at all times herein mentioned, Defendant TJ MAXX was responsible for the maintenance and repairs at the premises known as TJ MAXX located at 6101 Junction Blvd, Queens, New York 11374.

24. That upon information and belief, Defendant TJX COMPANIES had actual notice of this defective and/or dangerous condition prior to the time of the occurrence on December 21, 2020.

25. That upon information and belief, Defendant TJX COMPANIES had constructive notice of this defective and/or dangerous condition prior to the time of the occurrence on December 21, 2020.

26. That upon information and belief, Defendant TJ MAXX had actual notice of this defective condition prior to the time of the occurrence on December 21, 2020.

27. That upon information and belief, Defendant TJ MAXX had constructive notice of this defective condition.

28. That upon information and belief at all times mentioned herein the Defendant TJX COMPANIES entered into a lease agreement with TJ MAXX whereby Defendant TJ MAXX occupied all or a portion of the subject premises know as TJ MAXX located at 6101 Junction Blvd. Queens, NY 11374.

29. That upon information and belief on or December 21, 2020, while Plaintiff **ABIGAIL CRUZ** herein was a lawfully inside the store know as TJ MAXX, when she was caused to slip and fall due to wet floor thereat causing her to sustain severe and sustain severe and permanent injuries.

30. That on said date and place Defendants had charge of the said subject premises, and it was the duty of said Defendants, their agents, servants and/or employees to use reasonable care and diligence in the management, operation, care and maintenance of the said subject premises, and to make any and all necessary repairs thereto, for the purpose of keeping the same in a reasonably safe condition for customers thereon.

31. The above-mentioned occurrence and the results thereof were caused by the joint, several and concurrent negligence of the defendants and/or said defendants' servants, agents,

4

FILED: QUEENS COUNTY CLERK 06/01/2021 12:02 PM
NYSCEF DOC. NO. 1
Case 1:21-cv-05731-FB-TAM   Document 1-2   Filed 10/14/21   Page 8 of 13 PageID #: 14
INDEX NO. 712421/2021
RECEIVED NYSCEF: 06/01/2021

employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

32. That the said occurrence and the injuries resulting therefrom were caused and/or precipitated by reason of the negligence and carelessness of the defendants their agents, servants, independent contractors and/or employees, in that they negligently caused, allowed and permitted the subject premises, to be, become and remain in a hazardous, defective, dangerous and unsafe condition so that a trap existed on the subject premises, there being a great impediment endangering the life and limb of persons lawfully traversing thereat.

33. That upon information and belief at all times herein mentioned the Defendants their agents, servants, independent contractors and/or employees had actual and/or constructive notice of the aforesaid dangerous and defective condition and/or created the dangerous condition.

34. That the said occurrence and the injuries resulting therefrom were caused and/or precipitated by reason of the negligence and carelessness of the defendants, their agents, servants, independent contractors and/or employees solely and wholly as a result of the negligence of the defendants herein and without any negligence on the part of the plaintiff contributing thereto.

35. That this action falls within one or more of the exceptions contained in CPLR § 1602.

36. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

37. That because of the above stated premises, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

5

38. That as a result of the foregoing, plaintiff was damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff, **ABIGAIL CRUZ** demands judgment against the Defendants herein in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the interest, costs and disbursements of this action.

Dated: New York, NY
June 1, 2021

Yours, etc.

*[signature: Bart Pittari]*

Bart Andrew Pittari, Esq.
**GREENSTEIN & MILBAUER, LLP**
*Attorneys for Plaintiff(s)*
**ABIGAIL CRUZ**
1825 Park Avenue
9th Floor
New York, NY 10035
(212) 685-8500
Our File #: 18939

(Page 9 of 12)

FILED: QUEENS COUNTY CLERK 06/01/2021 12:02 PM
NYSCEF DOC. NO. 1

Case 1:21-cv-05731-FB-TAM   Document 1-2   Filed 10/14/21   Page 10 of 13 PageID #: 16

INDEX NO. 711224/2021
RECEIVED NYSCEF: 06/01/2021

# CERTIFICATION

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed **SUMMONS AND COMPLAINT** is not frivolous.

Dated: NEW YORK, NY
June 1, 2021

Yours, etc.

*[signature: Bart Pittari]*

Bart Andrew Pittari
**GREENSTEIN & MILBAUER, LLP**
*Attorney for Plaintiff(s)*
**ABIGAIL CRUZ**
1825 Park Avenue
9th Floor
New York, NY 10035
(212) 685-8500
Our File No: 18939

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
-------------------------------------------------------------------X
ABIGAIL CRUZ

                              Plaintiff/Petitioner,

        - against -                         Index No. 712422/2021
TJX COMPANIES AND TJ MAXX

                              Defendant/Respondent.
-------------------------------------------------------------------X

### NOTICE OF ELECTRONIC FILING

      PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

      NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

      Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

      The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

      **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 06/01/2021

|  |  |
|---|---|
| Name | 1825 PARK AVENUE, 9TH FLOOR |
|  | Address |
| GREENSTEIN & MILBAUER, LLP | NEW YORK |
| Firm Name |  |
| E-Mail | Phone |

To: TJ MAXX

6101 JUNCTION BLVD.

QUEENS

12/14/17

Index # 712422/2021          Page 2 of 2          EFM-1




FedEx First Overnight® · FedEx First Overnight®

**FedEx Express** US Airbill Package

TRK# 8168 5028 9236

E1 KCRA

TUE - 08 JUN 8:30A
FIRST OVERNIGHT

01701
MA-US
BOS

1 From
2 Your Internal Billing Reference
3 To
4 Express Package Service
5 Packaging
6 Special Handling and Delivery Signature Options
7 Payment  Bill to: